IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

B&R Plastics, Inc.
a Colorado corporation

Plaintiff,

v.

Camco Manufacturing, Inc.
a North Carolina corporation.

Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, B&R Plastics, by and through its counsel, FISCHER & FISCHER, LLP and asserts the following Complaint against the above named Defendant stating as follows:

### PARTIES

1. Plaintiff B&R Plastics, Inc. ("Plaintiff") is a Colorado corporation with its principal place of business at 4550 Kingston Street, Denver, CO 80239.

2. Defendant Camco Manufacturing, Inc. ("Defendant") is a North Carolina corporation with its principal place of business at 121 Landmark Drive, Greensboro NC 27409.

3. Defendant, and/or through its agents, subsidiaries and affiliates, upon information and belief, manufactures, sells, imports, and/or otherwise places into the stream of commerce products ultimately sold in the United States under, *inter alia*, the product name, "RV Folding Step Stool," folding, collapsible, plastic step stools.

## JURISDICTION AND VENUE

4. This is an action for patent infringement and related unfair competition. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1338.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. §1400 since, upon information and belief, the Defendant has committed acts of infringement and conducted business in the jurisdiction of Colorado. Such events include, but not limited to, sales, marketing, distribution, offers for sale, importation into Colorado, in addition to contributory and inducing conduct relative thereto.

## GENERAL ALLEGATIONS

6. Reed Henschel was issued United States Utility Patent No. 4,630,861 (dated December 23, 1986) and Reed Henschel and Brad Eveleth were issued a U.S. Design Patent No. US D460,566S (dated July 16, 2002) for a folding, collapsible plastic step stool ("Patents"). A copy of the Patents are attached hereto as Exhibit 1.

7. Plaintiff holds an exclusive License Agreement to manufacture, market, and sell the folding, collapsible plastic step stools protected by the Patents. Plaintiff manufactures, markets and sells these products under the name "EZ Turtle Stool."

8. Defendant is in the business of manufacturing, imports, marketing, distributing and selling folding, collapsible plastic step stools online through their website, catalog and through other media avenues, which step stools infringe on the Patents and the License Agreement held by Plaintiff.

9. Defendant continues to make, distribute, advertise, market and sell the their folding,

collapsible plastic step stools which infringe on the Patents and the License Agreement held by Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement)

10. Plaintiff incorporates and restates the foregoing allegations as set forth above as though fully set forth herein.

11. Defendant is infringing on the Patents and the License Agreement held by Plaintiff by, inter alia, manufacturing, distributing, advertising, marketing and selling their folding, collapsible plastic step stools. Such infringement is deliberate, willful, intentional and with full knowledge of the existence and validity of the Patents.

12. Upon information and belief, Defendant has been infringing on the Patents since at least January 1, 2006. Defendant's infringement has continued to date and will continue to do so unless enjoined by the Court.

13. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount to be ascertained but in excess of seventy-five thousand dollars ($75,000.00).

## SECOND CLAIM FOR RELIEF
### (Injunction)

14. Plaintiff incorporates and restates the allegations set forth above as though fully set forth herein.

15. As a direct and proximate result of Defendant's actions of infringing on Plaintiff's

exclusive license on the Patents, Plaintiff has suffered, and will continue to suffer, irreparable harm.

16. Plaintiff has no adequate remedy at law if Defendant continues to infringe on Plaintiff's exclusive license on the Patents.

17. Plaintiff has suffered, and will continue to suffer, irreparable harm and damage unless a preliminary and final injunction are issued enjoining Defendant from infringing on Plaintiff's exclusive right to the Patents.

18. Plaintiff will likely prevail on the merits of the case at trial.

### THIRD CLAIM FOR RELIEF
(Unfair Competition)

19. Plaintiff incorporates and restates the allegations set forth above as though fully set forth herein.

20. Plaintiff has invested substantial time, energy and resources in developing, marketing and selling products covered by the Patents.

21. By the above mentioned activities, Defendant has misappropriated Plaintiff' efforts and such are being improperly used by the Defendant to compete with Plaintiff in the United States.

22. Defendant has usurped Plaintiff's competitive advantage and interfered with the operation of Plaintiff's legitimate business.

23. Defendant's conduct and activities constitute unfair competition against Plaintiff.

24. Defendant's conduct and activities has damaged Plaintiff in an amount to be determined at trial but which exceeds $75,000.00 and, unless enjoined, will seriously impair the

value of Plaintiff's business.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. That it be adjudged that Plaintiff's rights under the Patents have been infringed by the Defendant;

2. Award Plaintiff a preliminary and permanent final injunction against the continued infringement;

3. Order an accounting of Defendant's sales, profits, cost of goods sold and other relevant financial information as it relates to their infringing folding, collapsible plastic step stools.

4. Award Plaintiff damages against Defendant in an amount adequate to compensate Plaintiff for such infringement, including, but not limited to Defendant's total profit under 35 U.S.C. 289 and not less than a reasonable royalty, together with interest and costs, in an amount to be ascertained but in excess of seventy-five thousand dollars ($75,000.00);

5. Award Plaintiff an additional sum on account of the willful, intentional and deliberate character of Defendant's infringing acts pursuant to 35 U.S.C. 284.

6. Award Plaintiff reasonable attorney fees and costs against Defendant; and

7. Grant Plaintiff all other legal and equitable relief for which Plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY OF 6.**

Respectfully submitted this 28th day of March, 2006.

*Fischer & Fischer, LLP*

s/Erik G. Fischer
Erik G. Fischer, #16856
Fischer & Fischer, LLP
125 South Howes Street, Suite 900
Fort Collins, CO 80521
(970) 482-4710